# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY FRADIN, | |
| *Plaintiff*, | No. _____ |
| v. | *Removal of Cook County, Chancery Div. Case No. 2022CH10191* |
| FORIS DAX, INC. D/B/A CRYPTO.COM, | |
| *Defendant*. | |

## NOTICE OF REMOVAL

Please take notice that Defendant Foris Dax, Inc. d/b/a/ Crypto.com ("Crypto.com") removes the above-captioned action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1441(a), 1446, and 1453, on the ground that federal jurisdiction exists under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

### I. BACKGROUND

1. On October 14, 2022, plaintiff Anthony Fradin ("Plaintiff"), individually and on behalf of all others similarly situated, filed this action, captioned *Anthony Fradin v. Foris Fax, Inc. d/b/a/ Crypto.com*, in the Chancery Division of the Circuit Court of Cook County, Illinois. The case was docketed at 2022 CH 10191. Copies of the Complaint and Summons are attached as **Exhibit 1** and **Exhibit 2**, respectively.

2. The Complaint and Summons were served on Crypto.com on October 19, 2022. A copy of the Notice of Service of Process is attached as **Exhibit 3**.

3. Plaintiff alleges that Crypto.com "collected, stored and used – without providing notice, obtaining informed written consent or publishing data retention policies – the biometrics of hundreds or more unwitting Illinois resident citizens." Ex. 1 at ¶ 4.

4. Plaintiff brings two causes of action: (a) violations of the Illinois Biometric Information Privacy Act ("BIPA") based on Crypto.com's alleged "receipt, collection, storage, and/or trading of the Plaintiff's and class members' biometric data …without first obtaining the written release required by 740 ILCS 14/15(b)(3), "fail[ing] to properly inform the Plaintiffs [sic] or the class members in writing of the specific purpose and length of terms for which their biometric data was to be stored and used, as they were required to do under 740 ILCS 14/15(b)(1)-(1)," and "fail[ing] to publicly provide a retention schedule or guidelines for permanently destroying the biometric data of the Plaintiff or class members, Ex. 1 at ¶¶ 47-49; and (b) negligence based on Crypto.com's alleged failure to "exercise reasonable care in the collection and use of Plaintiff's and the Class' biometric data" based on the same allegations. *Id.* at ¶¶ 43-48.

5. Plaintiff seeks relief on behalf of a purported class of "[a]ll Illinois citizens who had their biometric identifiers, information or data captured, collected, stored or used by [Crypto.com] in violation of 740 ILCS 14/1, et. seq." Ex. 1 at ¶ 32.

6. Plaintiff alleges that the number of persons within the putative class includes "hundreds" if not "thousands of members." *Id.* ¶¶ 4, 34.

7. The Complaint seeks certification of the putative class, appointment of class counsel, declaratory relief, statutory damages of $5,000 for any intentional and reckless violation of BIPA or $1,000 for any negligent violations of BIPA, attorneys' fees, costs, litigation expenses, actual damages, and any other relief the Court deems appropriate. *Id.* at 10.

8. Crypto.com has not yet filed an Answer or responsive pleading to the Complaint.

II. **JURISDICTIONAL REQUIREMENTS SATISFIED**

9. CAFA sets forth three requirements to invoke federal jurisdiction: (1) a class

action compromised of 100 of more members; (2) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (3) in which the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2), (d)(5). All three requirements are satisfied here.

### A. This Case is a Putative Class Action Compromised of at Least 100 Members

10. The action is a "class action" as defined in 28 U.S.C. § 1332(A)(1)(B) and, as noted above, Plaintiff alleges that the members of the putative class include "hundreds" if not "thousands of members." *Id.* at ¶¶ 4, 34.

### B. Minimal Diversity Exists Under 28 U.S.C. § 1332(d)(2)(A)

11. Crypto.com is a Delaware corporation with its principal place of business at 1111 Brickell Avenue, Suite 2725, Miami, Florida. For purposes of diversity jurisdiction under CAFA, Crypto.com is a citizen of Delaware and Florida. 28 U.S.C. § 1332(c)(1).

12. Plaintiff alleges that he and the putative class members are Illinois citizens. Ex. 1 ¶¶ 7, 32-33.

13. Based on the foregoing, minimal diversity exists because at least one member of the putative class is a citizen of a different state than Crypto.com. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Exceeds $5,000,000

14. Under CAFA, the claims of the individual class members are aggregated to determine whether the amount in controversy exceeds the required "sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. §§ 1332(d)(2), (d)(6). A party removing under CAFA need only establish that the amount in controversy exceeds the jurisdictional minimum by a preponderance of the evidence. *See Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The question is not whether damages will be greater than $5 million, but only whether "a fact-finder *might* conceivably lawfully award" damages greater than $5 million. *Id.* at

583 (emphasis in original). The removing party's burden is a mere "pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011).

15. While Crypto.com denies the claims alleged in Plaintiff's complaint and denies that Plaintiff, or any putative class member, is entitled to any monetary or other relief, on a classwide basis or otherwise, the amount in controversy alleged here satisfies the jurisdictional threshold. Plaintiff seeks statutory damages of up to $5,000 per violation from Crypto.com for each putative class member. *See* Ex. 1 at ¶ 51. At $5,000 per violation, any class size of more than 1,000 individuals, or two violations for 500 individuals, results in an amount in controversy of over $5,000,000. Plaintiff has alleged a class that may consist of "hundreds" to "thousands" of members, and has alleged multiple violations per class member. Ex. 1 at ¶¶ 4, 34. Thus, the recovery "*might* conceivably" exceed the mandatory $5,000,000 minimum threshold for jurisdiction under CAFA. *Roppo*, 869 F.3d at 583.

16. This case is therefore removable pursuant to 28 U.S.C. § 1441 because, pursuant to 28 U.S.C. § 1332, it is (a) a putative class action comprised of 100 or more members, (b) in which any member of the putative class is a citizen of a state different from the defendant's state of citizenship, and (c) the aggregate amount of damages sought is in excess of $5 million.

### D. Other Statutory Requirements For Removal Are Satisfied

17. Plaintiff filed this action in the Circuit Court of Cook County, Illinois. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

18. No previous application has been made for the relief requested herein.

19. As required by 28 U.S.C. § 1446(a), copies of all process and pleadings served upon Crypto.com are attached as exhibits hereto.

20. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b)(1).

21. As required by 28 U.S.C. § 1446(d), Crypto.com will promptly file a copy of this Notice of Removal with the Circuit Court of Cook County, Illinois, County Department, Chancery Division and serve copies of the same on all parties to this action.

**WHEREFORE**, Crypto.com removes this action from the Circuit Court of Cook County, Illinois, docketed at 2022CH10191, to this Court.

Dated: November 17, 2022.

**DEFNDANT FORIS DAX, INC. (d/b/a CRYPTO.COM)**

By: s/Christopher Carmichael
    One of its Attorneys

Aaron S. Weiss
Email: aweiss@carltonfields.com
Charles W. Throckmorton
Email: cthrockmorton@carltonfields.com
Carlton Fields. P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33131
Telephone: 305-530-0050

Christopher W. Carmichael
Email: ccarmichael@henderson-parks.com
Henderson Parks
140 South Dearborn Street, Ste. 1020
Chicago, Illinois 60603
Telephone: 312-262-2905

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on **November 17, 2022**, the foregoing **Notice of Removal** was electronically filed with the Clerk of the United States District Court for the Northern District of Illinois by filing through the CM/ECF system, which served a copy of the foregoing upon all CM/ECF participants, and by electronic mail upon the following counsel for Plaintiff:

James L. Simon
**SIMON LAW CO.**
5000 Rockside Road
Liberty Plaza Building, Suite 520
Independence, OH 044131
james@simonsayspay.com


Michael L. Fradin
**FRADIN LAW**
8401 Crawford Ave., Suite 104
Skokie, IL 60076
mike@fradinlaw.com


By:/s/Christopher Carmichael